## Abraham Jacobson v. W. T. Jones.

### Gen. No. 4,597.

1. ATTORNEY AND CLIENT—*what does not justify retention of fund collected by former for latter.* An attorney is not justified in refusing to turn over to his client money collected for him by reason of claims thereto being made by third parties, which such claims have not by such third parties been sought to be enforced by litigation.

Action of assumpsit. Appeal from the County Court of Peoria county; the Hon. WILBERT I. SLEMMONS, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed June 1, 1906.

JACOBSON & STULTZ, for appellant.

Wolfenbarger & May, for appellee

Mr. Presiding Justice Vickers delivered the opinion of the court.

Appellee made an arrangement with appellant, an attorney at law, to collect for him, appellee, a sum of money from an estate, and received from appellant the following receipt:

"Received of W. T. Jones, one Release for $188.08 ———Dollars, which amount, less $5 for Atty. fees, is to be paid to W. T. Jones in Isaac Coriell, dec'd estate, Warren Co., New Jersey.

A. Jacobson, Atty."

Appellant collected the money, but refused to pay any of it to appellee, whereupon suit was brought.

Upon the trial appellant asked leave to introduce evidence tending to show that appellee had by misrepresentation and fraud obtained an assignment of the claim which he, appellant, had collected and received $188.08 upon. Appellant did not claim that he had paid over any of the money by him collected, or had any right thereto, but insisted that certain persons had notified him that appellee had no right to the money and asked him, appellant, not to pay the same to appellee. This evidence the court refused to admit. The defense attempted to be set up by appellant was baseless. If the money received by appellant under his employment as an attorney belongs to other parties, it is for them to proceed against appellee, and it is not for appellant, who, under his employment as an attorney, has collected this money, to refuse to pay it over to his client. Appellant made no pretense that as between him and appellee he ought not to pay over this money. He endeavored to set up an alleged fraud perpetrated by appellee upon persons in no way or wise parties to the transaction between appellant and appellee, and who are not parties to this suit.

The judgment of the County Court is affirmed.

*Affirmed.*